**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **GUY PAUL CARMACK,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **A-14-CV-110-SS** |
| | § | |
| **STATE OF TEXAS AND** | § | |
| **WARDEN SLOAN,** | § | |
| **Defendants.** | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO:    THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Guy Paul Carmack's ("Carmack") Application to Proceed *In Forma Pauperis* (Dkt. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  APPLICATION TO PROCEED *IN FORMA PAUPERIS***

After reviewing the financial information in Carmack's *in forma pauperis* motion, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Carmack *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Carmack is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion,

impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Carmack's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Carmack has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable

claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## A.    Factual Allegations and Claims

Carmack provides very little information to the Court regarding his claim in this case. From what the Court can tell, Carmack was a former inmate incarcerated in the Texas state prison system who appears to have been recently released from custody. Carmack's main complaint is against Warden Sloan, who allegedly failed to pursue Carmack's request to investigate and find a state court order that would have resulted in Carmack being released thirty-two days earlier. *See* Dkt. No. 1, Attach. 1. Carmack asserts that Texas House Bill 2649, which amended Section 15(h), Article 42.12 of the Texas Code of Criminal Procedure, allows inmates in state jails to receive "good time" credit to their sentences. *Id.* As relief, Carmack wants the Court to "[i]nsure [sic] this does not happen again" and to provide him restitution. *Id.*

## B.    Merits of Carmack's Claim

Broadly construed, Carmack's complaint alleges violations of his civil rights and consequently, his claims are properly construed under 42 U.S.C. § 1983. More specifically, it

appears that Carmack is attempting to assert that Warden Sloan's failure to investigate and find a copy of the state court order providing Carmack with an earlier release date resulted in Carmack not being timely released from prison.  After reviewing Carmack's complaint and the applicable law, the Court concludes that his cause of action is frivolous and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 1.    Standing

First, to the extent Carmack seeks relief to "[i]nsure [sic] this does not happen again," his claim must fail.  Carmack does not have standing to seek such relief.  Federal courts are tribunals of limited subject matter jurisdiction and may only entertain a case that fits within the judicial power of Article III of the Constitution and a statutory grant of subject matter jurisdiction, such as federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(1).  13D CHARLES ALAN WRIGHT, ARTHUR R. MILLER. EDWARD H. COOPER, & RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3567 (3d ed. 2008).  Subject matter jurisdiction includes the "irreducible constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  In order to demonstrate standing, a plaintiff first must demonstrate he suffered "injury in fact," which means invasion of a legally protected interest that is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560.  Here, there is no "actual or imminent" injury to be suffered by Carmack in the future.  Carmack is no longer incarcerated and the Court can find no allegation in his complaint that would suggest an "actual or imminent" possibility of a similar injury to him in the future.  Consequently, to the extent Carmack wants this Court to make sure a similar incident does not occur again, his claim cannot succeed.

### 2.      Eleventh Amendment Immunity

Even assuming that Carmack was released thirty-two (32) days late, the instant suit should still be dismissed because Carmack is unable to recover monetary damages from the named defendants.  Being sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign.  *Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89 (1984).  The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304 (1990).  The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury.  *Green v. State Bar of Texas*, 27 F.3d 1083,1087 (5th Cir. 1994).  As such, Carmack is unable to recover monetary damages from the State of Texas or Warden Sloan to the extent he sues them in their official capacities.

### 3.      *Heck v. Humphrey*

Insofar as Carmack is seeking monetary damages against Warden Sloan in his individual capacities for Carmack's alleged illegal confinement, his claims must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994).  In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

The *Heck* bar applies even to former prisoners for whom the 28 U.S.C. § 2254 remedy is no longer available, if the plaintiff has failed to establish that other "procedural vehicle[s]" are lacking. *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000). Carmack has not made such a showing. Because Carmack's sentence has not been overturned or otherwise invalidated, his claims are barred by *Heck*.

Additionally, the Court's decision is also informed by the fact that Carmack has presented no evidence, aside from his conclusory allegation, that a state court order providing for his early release existed in his case. From Carmack's short complaint, it is not even clear whether Texas House Bill 2649 applied to Carmack's case. Section 2 of Texas House Bill 2649 specifically notes that the law only applies "to a person confined in a state jail felony facility for an offense committed on or after the effective date of this Act."[1] Yet in his short complaint, Carmack sets forth no information regarding his underlying conviction. *Id.* Without any guidance from Carmack's complaint, and considering the lack of any allegations in the complaint that would defeat qualified immunity, there is simply no basis for the Court to find merit in Carmack's allegations.

### III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Carmack *in forma pauperis* status (Dkt. No. 1). Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Carmack's federal cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Texas H.B. 2649, 82nd Texas Legislature (2011) *available at* http://www.legis.state.tx.us/BillLookup/Text.aspx?LegSess=82R&Bill=HB2649.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of March, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE